UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ANDY WARHOL FOUNDATION :
FOR THE VISUAL ARTS, INC.,
 :
         Plaintiff,        REPORT AND RECOMMENDATION
 :
      -against-          04 Civ. 9991 (HB)(KNF)
 :
BARTH & DREYFUSS OF CALIFORNIA,
 :
         Defendant.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE HAROLD BAER, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

The Andy Warhol Foundation for the Visual Arts, Inc. ("Warhol Foundation") brought this diversity action against Barth & Dreyfus of California ("Barth") to recover damages resulting from an alleged breach of the parties' license agreement ("License Agreement").

Upon Barth's failure to file an answer or otherwise respond to the complaint, your Honor referred the matter to the undersigned to conduct an inquest and to report and recommend the amount of damages, if any, to be awarded to the plaintiff against the defendant by entry of a default judgment.

The Court directed the Warhol Foundation to serve and file proposed findings of fact and conclusions of law, and an inquest memorandum setting forth its proof of damages, costs of this action, and its attorney's fees. The Court also directed the defendant to serve and file any opposing memoranda, affidavits and exhibits, as well as any alternative findings of fact and

1

conclusions of law it deemed appropriate. The defendant did not file anything in opposition to the Warhol Foundation's submissions.

The plaintiff's submissions aver that it is entitled to recover: (1) $70,000 for damages it suffered as a result of the defendant's breach of the License Agreement; (2) $851.30 in interest on the royalty payments that were owed by the defendant to the plaintiff under the terms of the License Agreement, but which were past due as of August 5, 2004, the date on which the plaintiff sent the defendant notice that it was terminating the License Agreement. The plaintiff also seeks such additional interest as accrued on the $70,000, from August, 12, 2004, pursuant to the terms of the License Agreement;[1] (3) consequential damages of $5,932.94 for licensing agent fees incurred by the plaintiff in finding a replacement licensee after the defendant defaulted on its contract obligations, plus an additional $324.88 for related travel expenses; and (4) $150.00 for court filing fees.

## II. BACKGROUND

When a defendant, like Barth, defaults in an action, by failing to plead or otherwise defend against a complaint, the defendant is deemed to have admitted every well-pleaded allegation of the complaint except those relating to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In addition, the plaintiff is entitled to all reasonable inferences from the evidence presented. See Au Bon Pain Corp. v. Artect, Inc., et al., 653 F.2d 61, 65 (2d Cir. 1981). Based

---

[1] The plaintiff identifies August 11, 2004, as the date that its written notification to the defendant terminating the License Agreement became effective. However, the Court notes that under § 14(i) of the License Agreement, the plaintiff's termination of the agreement became effective on August 12, 2004, five business days from the date of the written notice.

upon the submissions made by the plaintiff, the complaint filed in the instant action, and the Court's review of the entire court file in this action, the following findings of fact are made:

The Warhol Foundation is a not-for-profit organization that provides funding to organizations that promote the visual arts. Among the Warhol Foundation's assets are all of the intellectual property rights, including copyrights, trademarks and rights of personality, owned by Andy Warhol ("Warhol") at his death, including reproduction rights of the works created by him.

The Warhol Foundation and Barth entered into the License Agreement on or about February 14, 2003. Based on the terms of the License Agreement, the defendant was permitted to use certain Warhol works and trademarks in connection with its production and distribution of kitchen textiles. In return, Barth was required to make minimum royalty payments to the plaintiff, totaling $85,000, over a period of three years.[2] If Barth failed to meet its payment obligations under the License Agreement, the Warhol Foundation had the right, five days after giving Barth written notice that it had defaulted on its payment obligations, to terminate the License Agreement.

Barth made the initial royalty payment of $15,000 to the plaintiff. However, it failed to make any further payments. On August 5, 2004, the Warhol Foundation gave Barth written notice that it had defaulted on its payment obligations and that the parties' License Agreement would terminate in five business days if Barth failed to cure the default. Barth did not cure its

---

[2] The License Agreement provided for quarterly payments of the requisite royalty fees during the first year of the agreement as follows: $15,000 on the date the agreement was signed, then $2,500 on March 15, 2003, June 15, 2003, September 15, 2003, and December 15, 2003. During the second year of the agreement, the payments were to be made as follows: $7,500 on March 15, 2004, June 15, 2004, September 15, 2004, and December 15, 2004. During the third year of the agreement, the payments were to be made as follows: $7,500 on March 15, 2005, June 15, 2005, September 15, 2005, and December 15, 2005.

3

default. As a result, under the terms of the License Agreement, on August 12, 2004, Barth was required to tender to the plaintiff, immediately, all the remaining royalty payments due under the parties' agreement. As noted above, Barth failed to tender the payments to the plaintiff.

## III. CONCLUSIONS OF LAW

A default judgment in an action establishes liability, but is not a concession of damages. See Cappetta v. Lippman, 913 F. Supp. 302, 304 (S.D.N.Y. 1996) (citing Flaks v. Koegel, 504 F.2d 702, 707 [2d Cir. 1974]). Damages must be established by the plaintiff in a post-default inquest. See id. In conducting an inquest, the court need not hold a hearing "as long as it [has] ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). The court may rely on affidavits or documentary evidence in evaluating the fairness of the sum requested. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

The Warhol Foundation seeks damages, interest, and costs arising from Barth's breach of the parties' License Agreement.

*Breach of Contract Claim Under New York Law*[3]

The proper measure of damages for breach of contract is the amount necessary to put the plaintiff in as good a position as he would have been if the defendant had not breached the contract. See Western Geophysical Co. of America, Inc. v. Bolt Assocs., Inc., 584 F.2d 1164, 1172 (2d Cir. 1978); see also Goodstein Constr. Corp. v. City of New York, 80 N.Y.2d 366, 374, 590 N.Y.S.2d 425, 429 (1992).

---

[3] The parties agreed to apply New York law to any dispute arising under the contract. See License Agreement § 20.

4

The plaintiff's complaint and inquest submissions establish that the parties entered into the License Agreement on or about February 14, 2003. That agreement permitted the defendant to use certain Warhol works and trademarks; in return, the defendant was required, inter alia, to make quarterly royalty payments to the plaintiff. The defendant failed to make quarterly payments of $25,000 that were due to the plaintiff under the terms of the License Agreement.[4] On August 5, 2004, the Warhol Foundation notified the defendant in writing of its default and of the foundation's intention to terminate the contract, as permitted under the terms of the License Agreement. The defendant did not cure its default.

As a result of the defendant's breach of the License Agreement, by failing to cure its default, the plaintiff is entitled to recover from the defendant unpaid royalties of $2,500 for each of the following quarterly periods: March 15, 2003, June 15, 2003, September 15, 2003, and December 15, 2003. The plaintiff is also entitled to recover unpaid royalties of $7,500, which were to be paid to it on March 15, 2004, and June 15, 2004. Furthermore, under the terms of the parties' License Agreement, the defendant agreed to pay, upon its default, and in an accelerated fashion, all royalty payments due under the License Agreement. Therefore, in summary, the Warhol Foundation is entitled to an award of $70,000. This amount represents the amount of unpaid royalties owed to the Warhol Foundation by the defendant, plus the minimum amount of royalty payments to which the plaintiff would have been entitled during the entire term of the parties' agreement.

---

[4] The defendant owed the Warhol Foundation $10,000 in unpaid royalty payments during 2003 and $15,000 in unpaid royalty payments for the first two quarters of 2004.

*Interest*

The Warhol Foundation requests an award of the interest that accrued on the amount of past due royalties, as of August 5, 2004, as well as an award of the interest on $70,000 commencing from August 12, 2004, the date the License Agreement terminated. Section 3.8 of the License Agreement, provides that "any past due amount . . . shall bear interest at the then current prime rate plus two percent per annum as quoted by Citibank, New York . . . which [interest rate] is applicable from the due date until the date of payment."

Based on the express language of the parties' agreement, the plaintiff is entitled to interest on the past due royalties and on all accelerated royalty payments that became due as of August 12, 2004. To establish the applicable interest rate, the plaintiff submitted to the Court the prime interest rates published by the Federal Reserve Bank for the relevant period. The plaintiff contends that as of August 5, 2004, when it notified the defendant of its default, interest of $851.30 had accrued on the defendant's unpaid royalty payments. However, the plaintiff has not provided the Court with the calculation it used to arrive at this figure. The Court finds that the amount of interest that accrued as of August 11, 2004, the day before the License Agreement terminated, is $890.17.[5] It appears to the Court that the plaintiff inadvertently failed to account

---

5

| Payment Due | Day Before Agreement Terminated | Amount Due | Total Days Debt Outstanding | Interest Rate (Fed. Reserv. plus 2%) | Annual Interest | Per Diem Interest | Interest Owed |
|---|---|---|---|---|---|---|---|
| 3/15/03 | 08/11/04 | $2,500 | 515 | 6.25% | $156.25 | $0.43 | $220.46 |
| 6/15/03 | 08/11/04 | $2,500 | 423 | 6.25% | $156.25 | $0.43 | $181.08 |
| 9/15/03 | 08/11/04 | $2,500 | 331 | 6.00% | $150.00 | $0.41 | $136.03 |
| 12/15/03 | 08/11/04 | $2,500 | 240 | 6.00% | $150.00 | $0.41 | $98.63 |
| 3/15/04 | 08/11/04 | $7,500 | 149 | 6.00% | $450.00 | $1.23 | $183.70 |
| 6/15/04 | 08/11/04 | $7,500 | 57 | 6.00% | $450.00 | $1.23 | $70.27 |
| | | | | | | Total | $890.17 |

for the interest that accrued between August 5, 2004, and August 11, 2004. The Court's calculation of the interest owed to the plaintiff by the defendant includes the interest that accrued between August 5, 2004, and August 11, 2004. Therefore, the plaintiff should receive an interest award of $890.17 with respect to the royalty payments that were past due on August 11, 2004.

The plaintiff's submissions establish that on August 11, 2004, the prime rate was 4.5%. Therefore, the plaintiff is entitled to interest on $70,000 to be calculated at a rate of 6.5%-- the prime rate plus two percent. The interest should be calculated commencing August 12, 2004, the day the contract terminated.

*Consequential Damages*

The Warhol Foundation requests damages arising from the "natural and probable consequences" of the defendant's breach of the parties' License Agreement. According to the plaintiff, these consequential damages include travel expenses and licensing agent fees it incurred in finding a replacement licensee.

"[W]here the alleged breach of contract consists only of a failure to pay money, remedy for the breach is limited to the principal owed plus damages in the form of interest at the prevailing legal rate." Meinrath v. Singer Co., 87 F.R.D. 422, 426 (S.D.N.Y. 1980). Under New York law, special and consequential damages are recoverable only in limited circumstances when: (1) the party seeking damages demonstrates with certainty that the damages alleged were caused by the breach; (2) the alleged loss is capable of proof with reasonable certainty; and (3) evidence supports a determination that the parties contemplated the defendant's assumption of liability for the damages at issue. See Nwachukwu v. Chemical Bank, No. 96 Civ. 5118,

7

1997 WL 441941, at *2 (S.D.N.Y. Aug. 6, 1997) (internal citations omitted).

The instant action involves the failure by the defendant to pay money due to the plaintiff under a contract. The plaintiff has failed to provide the Court with any evidence that the parties contemplated the requested consequential damages when they entered into their agreement. Therefore, no basis exists for granting the Warhol Foundation's request that it be awarded $324.88 for travel expenses and $5,932.94 for licensing agent expenses.

*Costs*

The submissions made by the plaintiff establish that it paid a filing fee of $150 to the Clerk of Court for this judicial district to commence this action. The Court finds that the plaintiff should recover its costs, the $150.00 filing fee.

*Post-Judgment Interest*

28 U.S.C. § 1961 informs that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Interest is calculated from the date of the entry of judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week proceeding the date of the judgment. The Warhol Foundation is entitled to post-judgment interest, at the rate prescribed by the above-noted statute, commencing from the date the default judgment is entered.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends that the Warhol Foundation be awarded: (1) $70,000 in damages, plus the interest that had accrued as of August 11, 2004,

$890.17, plus interest on the total damages award of $70,000 to be calculated by the Clerk of Court at a rate of 6.5%, per annum, from August 12, 2004; (2) post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961; and (3) $150.00 in costs.

The plaintiff shall serve Barth with a copy of this Report and Recommendation and submit proof of service to the court.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Harold Baer, United States District Judge, 500 Pearl St., Room 2230, New York, New York 10007, and to the chambers of the undersigned, 40 Centre St., Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Baer. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
January 6, 2006

Respectfully submitted,

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE